Foregoing is a true and correct copy of
The original on file in my office.
ATTEST
WILLIAM T. WALSH, Clerk
United States District Cout
District of New Jersey

By: ___s//Jacquie Lambiase___
Deputy Clerk
Date: 8/4/17

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: PROTON-PUMP INHIBITOR PRODUCTS
LIABILITY LITIGATION (NO. II)**

MDL No. 2789

**TRANSFER ORDER**

**FILED**
**Aug 10, 2017**
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

**Before the Panel:**[*] Plaintiffs in 24 actions pending in the District of New Jersey move to centralize this litigation in that district, or, in the alternative, the Southern District of Illinois. The litigation consists of the 161 actions listed on the attached Schedule A. The Panel has been informed of 34 additional federal actions involving related issues.[1]

All responding plaintiffs support centralization, but certain plaintiffs argue, in the first instance, for the Southern District of Illinois. Defendants' positions on centralization vary. Defendants AstraZeneca Pharmaceuticals LP and AstraZeneca LP (AstraZeneca) support centralization in the District of New Jersey or the Central District of California. Defendants Pfizer Inc., Wyeth Pharmaceuticals, Inc., Wyeth, LLC, and Wyeth-Ayerst Laboratories (collectively Pfizer) support centralization in the District of New Jersey (or, in the alternative, the Eastern District of Pennsylvania). Defendants Procter & Gamble Company and The Procter & Gamble Manufacturing Company (P&G) do not oppose centralization in the District of New Jersey. Various Takeda defendants (Takeda)[2] oppose centralization, and do not suggest any transferee district, if centralization is ordered over their objections. Novartis Consumer Health, Inc. (NCH), which is sued only in a potential tag-along action (in which Takeda also is a defendant), also opposes centralization, and, if centralization is ordered over its objections, advocates the District of New Jersey or the Eastern District of Pennsylvania. Both Takeda and NCH further argue that if an MDL is created, any cases or claims against them should be excluded. Finally, three other Novartis entities – Novartis Pharmaceuticals Corporation, Novartis Vaccines and Diagnostics, Inc. and Novartis Institute for Biomedical Research, Inc. – oppose centralization on the grounds that they are not

---

[*] Judge Marjorie O. Rendell took no part in the decision of this matter.

[1] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

[2] Takeda Pharmaceutical Company Limited, Takeda Pharmaceuticals U.S.A., Inc., Takeda Pharmaceuticals International, Inc., Takeda Development Center Americas, Inc., Takeda California, Inc., Takeda Pharmaceuticals America, Inc., Takeda GmbH, Takeda Pharmaceuticals LLC, and TAP Pharmaceutical Products, Inc.

current or former manufacturers or developers of any of the pharmaceuticals at issue, and thus are not proper parties.

**I.**

In the complaints in these 161 personal injury and wrongful death actions, plaintiffs allege that as a result of taking one or more proton-pump inhibitors (PPIs), they or their decedents suffered kidney injury (*e.g.*, chronic kidney disease (CKD),[3] acute interstitial nephritis, end stage renal disease, or kidney failure). Plaintiffs allege that defendants failed to adequately warn of the negative effects and risks associated with PPIs.

This litigation is before us for the second time this year. At our January hearing session, we denied a motion for centralization brought by plaintiffs in six PPI actions. *In re: Proton-Pump Inhibitor Prods. Liab. Litig. (Proton-Pump I)*, — F. Supp. 3d —, 2017 WL 475581 (J.P.M.L. Feb. 2, 2017). The motion encompassed fifteen constituent actions and 24 potential tag-along actions pending in a total of seventeen districts. *Id.* at *1. All defendants opposed centralization. *Id.*

In *Proton-Pump I*, we recognized that the actions shared certain factual issues "arising from plaintiffs' allegations that taking [PPIs] may result in various types of kidney injury," including the conditions listed above. *Id.* But we concluded that centralization was not warranted for a number of reasons. First, the named defendants varied from action to action: AstraZeneca was sued in most of the actions (14 constituent actions and 23 tag-alongs), but P&G was sued in only eight, Takeda in four, and Pfizer in two. We thus reasoned that centralization "appear[ed] unlikely to serve the convenience of most, if not all, defendants and their witnesses." *Id.* Second, defendants were (and still are) competitors, and centralizing them in a single MDL "likely would complicate case management due to the need to protect trade secret and confidential information," and might prolong pretrial proceedings, because of, *inter alia*, the possible need for separate discovery and motion tracks, as well as additional bellwether trials. *Id.* at *2. Third, we found that a significant amount of discovery was "almost certain to be defendant-specific," given that the drugs at issue were "not identical," with each having "a unique development, testing, and marketing history, and each [having been] approved by the FDA at different times." *Id.* We stated that the differences among the drugs, as well as the variety of injuries alleged, "significantly undermine[d] any efficiency gains to be achieved from centralization." *Id.* Finally, we noted that although moving plaintiffs had "almost guarantee[d]" that the number of actions would increase "by the hundreds if not thousands," the Section 1407 motion encompassed only 39 cases, including tag-alongs. *Id.*

---

[3] Plaintiffs in more than 120 of the constituent actions allege that they suffered CKD.

## II.

In support of this new motion,[4] plaintiffs, AstraZeneca, and Pfizer argue that the number of involved actions, districts, and plaintiffs' counsel has increased significantly since *Proton-Pump I*, that many more cases likely will be filed, that there now are a significant number of related state court actions,[5] and that informal coordination and cooperation are not practicable to manage litigation of this scope. After careful review of the record, we agree with this assessment.

As stated above, these actions share factual issues arising from allegations that taking one or more PPIs can result in kidney injury, and that defendants failed to adequately warn of the negative effects and risks of PPI use. Although several of the grounds on which we denied centralization in *Proton-Pump I* remain largely valid,[6] we find that the significantly larger number of involved actions, districts, and counsel, the concomitant increase in burden on party and judicial resources, and the opportunity for federal-state coordination, coupled with most defendants' change in position to now support centralization, tip the balance in favor of creating an MDL.[7] Centralization will facilitate a uniform and efficient pretrial approach to this litigation, eliminate duplicative discovery, prevent inconsistent rulings on *Daubert* and other pretrial issues, and conserve the resources of the parties, their counsel, and the judiciary. While we do not discount the case management-related difficulties that a multi-product and multi-defendant MDL such as this may entail, the unusual circumstances presented convince us that at this juncture, formal centralization under Section 1407 is the best course. As we repeatedly have stated, a transferee judge can employ any number of techniques, such as establishing separate discovery and motion tracks, to manage pretrial proceedings efficiently. *See, e.g., In re: AndroGel Prods. Liab. Litig.*, 24 F. Supp. 3d 1378,

---

[4] We note that our denial of centralization in *Proton-Pump I* did not foreclose the filing of this second motion for centralization. That earlier denial also does not preclude us from reaching a different result here. We will do so only rarely, however, where a significant change in circumstances has occurred. *See In re: Plavix Mktg., Sales Practices & Prods. Liab. Litig. (No. II)*, 923 F. Supp. 2d 1376, 1378 (J.P.M.L 2013).

[5] AstraZeneca represents that it has been sued in 87 state court PPI actions – 85 in Delaware, one in Missouri, and one in Ohio.

[6] The variety of alleged kidney injuries arguably has diminished, as most plaintiffs allege that they suffer from CKD. In addition, the status of defendants as competitors (and defendants' concerns regarding trade secrets, etc.) may be less of an issue in this litigation, given that most (and possibly all) of these medications no longer have patent protection.

[7] *See In re: Lipitor (Atorvastatin Calcium) Mktg., Sales Practices & Prods. Liab. Litig. (No. II)*, 997 F. Supp. 2d 1354, 1356 (J.P.M.L. 2014) (granting follow-up motion for centralization, where number of related actions had grown from 29 in thirteen districts to over 225 in more than 40 districts; the number of involved plaintiffs' firms had grown as well; and the Panel had been informed of related cases pending in at least three state courts).

1379-80 (J.P.M.L. 2014).[8] As with any MDL, the transferee judge has substantial discretion to refine the litigation's parameters. *Id.* at 1380 ("[T]he transferee judge retains wide discretion as to how the MDL should be defined . . . ."). If, after close examination, she determines that Section 1407 remand of any claims or actions involving a particular defendant or PPI is appropriate, procedures are available to accomplish this with minimal delay. *Id.* (citing Panel Rule 10.1).

In opposing centralization and arguing that if centralized, any cases and claims against it should be excluded from the MDL, Takeda relies heavily on our decision in *Proton-Pump I,* and further argues that it is sued in only a minority of the 161 actions. For the reasons stated above, we conclude that *Proton-Pump I* does not control the outcome here. And, although it is true that AstraZeneca is sued in far more actions than Takeda, a significant number of actions are "mixed use" cases in which the plaintiffs allege use of more than one PPI, and sue Takeda and one or more other PPI manufacturers, including AstraZeneca.[9] The prospect of additional cases against Takeda does not seem far-fetched.[10] Given these circumstances, including the seemingly indivisible nature of plaintiffs' alleged injuries in the "mixed use" cases, we decline to carve out from the MDL cases or claims against Takeda.[11]

---

[8]    In *Androgel,* we ordered industry-wide centralization of all cases alleging injuries arising from the use of testosterone replacement therapies on the grounds that a number of plaintiffs had "used more than one testosterone replacement therapy," and that "[t]he other approaches proposed by the parties—centralizing only [cases involving AbbVie's Androgel product] (and perhaps transferring 'combination cases'), separating and remanding claims against certain manufacturers, or transferring only claims relating to testosterone replacement gels—could prove too procedurally complicated, might result in a *de facto* industry-wide centralization as cases involving multiple drugs become part of the MDL, or may require successive motions for centralization." *In re: Androgel Prods. Liab. Litig.,* 24 F. Supp. 3d at 1379. These same circumstances are present in the PPI cases now before us.

[9]    For example, the Middle District of Florida *Lear* plaintiff alleges use, at various times, of AstraZeneca's Nexium and Prilosec PPIs, Takeda's Prevacid PPI, and Pfizer's Protonix PPI; the District of Idaho *Buzbee* plaintiff alleges use of Nexium and Prevacid; the Western District of Louisiana *Crandell* plaintiff alleges use of Nexium, Prevacid, and Prilosec; the District of New Jersey *Luzzo* plaintiff alleges use of Nexium and Prevacid; and the Eastern District of Pennsylvania *Miller* plaintiff alleges use of Nexium and Prevacid.

[10]    Sales of Prevacid, which came to market in 1995, reportedly exceeded $3 billion annually at one time.

[11]    Whether claims against NCH, which markets Prevacid 24HR, should be included in the MDL is best addressed through our conditional transfer order process, as NCH is sued only in an Eastern District of Tennessee tag-along action. Similarly, whether future claims against the three other Novartis entities – Novartis Pharmaceuticals Corporation, Novartis Vaccines and Diagnostics, (continued...)

We select the District of New Jersey as transferee district for this litigation. More than 60 of the 161 constituent actions already are pending in D. New Jersey (more than in any other district). The district is a relatively convenient venue, and enjoys the support of most plaintiffs, as well as the AstraZeneca, Pfizer, and P&G defendants. Further, centralization in the District of New Jersey enables us to assign the litigation to Judge Claire C. Cecchi, an experienced transferee judge who already is actively managing the PPI cases filed in that district. We are confident that the judge will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the District of New Jersey are transferred to the District of New Jersey, and, with the consent of that court, assigned to the Honorable Claire C. Cecchi for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_Sarah Vance_

Sarah S. Vance
Chair

Charles R. Breyer      Lewis A. Kaplan
Ellen Segal Huvelle      R. David Proctor
Catherine D. Perry

---

[11](...continued)
Inc. and Novartis Institute for Biomedical Research, Inc. – should be transferred to the MDL is not properly before us, as those entities currently are not sued in any of the constituent or tag-along cases (having been voluntarily dismissed from the one action in which they previously were named).

## SCHEDULE A

District of Arizona

DAVIS v. TAKEDA PHARMACEUTICALS USA INCORPORATED, ET AL.,
   C.A. No. 2:16-04485

Eastern District of California

THOMAS v. TAKEDA PHARMACEUTICALS USA, INC., ET AL.,
   C.A. No. 1:16-01566
COSTAMAGNA, ET AL. v. THE PROCTER & GAMBLE COMPANY, ET AL.,
   C.A. No. 2:17-00409

Middle District of Florida

LEAR v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 3:17-00240

District of Idaho

BUZBEE v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 3:17-00174

Central District of Illinois

MULLEN v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 1:17-01220

Northern District of Illinois

WEITER v. TAKEDA PHARMACEUTICALS USA, INC., ET AL., C.A. No. 1:16-11199
PARKER v. TAKEDA PHARMACEUTICAL COMPANY LIMITED, ET AL.,
   C.A. No. 1:17-03764

Southern District of Illinois

COLEMAN, ET AL. v. ASTRAZENECA PHARMACEUTICALS LP, ET AL.,
   C.A. No. 3:17-00130
ROSENSTEEL, ET AL. v. ASTRAZENECA PHARMACEUTICALS LP, ET AL.,
   C.A. No. 3:17-00131
DRAVLAND, JR. v. ASTRAZENECA PHARMACEUTICALS LP, ET AL.,
   C.A. No. 3:17-00133

**MDL No. 2789 Schedule A (Continued)**

RICHARDSON v. ASTRAZENECA PHARMACEUTICALS LP, ET AL.,
    C.A. No. 3:17-00406
MCGILL, ET AL. v. ASTRAZENECA PHARMACEUTICALS LP, ET AL.,
    C.A. No. 3:17-00461
WINTERS, SR. v. ASTRAZENECA PHARMACEUTICALS, LP, ET AL.,
    C.A. No. 3:17-00535

District of Kansas

KOON v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:16-02605
DONECKER v. ASTRAZENECA PHARMACEUTICALS LP, ET AL.,
    C.A. No. 6:17-01082

Eastern District of Kentucky

CARPENTER v. ASTRAZENECA PHARMACEUTICALS LP, ET AL.,
    C.A. No. 0:16-00159
ROBERTS v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 5:17-00117
LOCKARD, ET AL. v. ASTRAZENECA PHARMACEUTICALS LP, ET AL.,
    C.A. No. 6:17-00125
THACKER, ET AL. v. THE PROCTER & GAMBLE COMPANY, ET AL.,
    C.A. No. 7:17-00078

Western District of Kentucky

LOWE v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 5:17-00078

Eastern District of Louisiana

LABICHE, ET AL. v. ASTRAZENECA PHARMACEUTICALS LP, ET AL.,
    C.A. No. 2:16-15893
JOHNSON, ET AL. v. ASTRAZENECA PHARMACEUTICALS LP, ET AL.,
    C.A. No. 2:16-16424
TILLMAN v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:16-17742
BALES v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:16-17744
SELF v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:16-17746
LEBLANC v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:16-17748
EDWARDS v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:16-17750
DONALD v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:16-17753
MCCOY v. ASTRAZENECA PHARMACEUTICALS, LP, ET AL., C.A. No. 2:16-17903

**MDL No. 2789 Schedule A (Continued)**

ELLIS v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:16-17904
ROGERS v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:16-17906
HARTS, ET AL. v. ASTRAZENECA PHARMACEUTICALS LP, ET AL.,
    C.A. No. 2:17-02298
WILLIAMS v. PROCTOR & GAMBLE COMPANY, ET AL., C.A. No. 2:17-03972
MORRIS v. ASTRAZENECA LP, ET AL., C.A. No. 2:17-04804
BRUNET v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17-05114

    Middle District of Louisiana

DAVIS v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 3:16-00686
SMITH v. ASTRAZENECA PHARMACEUTICALS, LP, ET AL., C.A. No. 3:16-00696

    Western District of Louisiana

CAESAR v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17-00198
MODICUE v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 6:16-01444
MILLER v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 6:16-01455
CRANDELL v. ASTRAZENECA PHARMACEUTICALS LP, ET AL.,
    C.A. No. 6:16-01460
BUSH v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 6:17-00669

    District of Maine

MCGARR v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 1:17-00183

    District of Maryland

BURCH v. WYETH PHARMACEUTICALS, INC., ET AL., C.A. No. 8:17-00970

    Eastern District of Missouri

MILLIGAN v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 4:17-01546

    Western District of Missouri

GREGG v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 6:17-03101

**MDL No. 2789 Schedule A (Continued)**

<u>District of New Jersey</u>

GOODSTEIN v. ASTRAZENECA PHARMACEUTICALS LP, ET AL.,
  C.A. No. 2:16-05143
SPRATT v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:16-05523
BOYD v. ASTRAZENECA LP, ET AL., C.A. No. 2:16-08121
HUNTER v. ASTRAZENECA LP, ET AL., C.A. No. 2:16-08895
ADKINS v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17-00194
SAVAGE v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17-00196
PIERRE v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17-00198
AUBREY v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17-00201
GILYARD v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17-00202
TONEY v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17-00203
WATKINS v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17-00204
STEWART v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17-00206
GRAVES v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17-00207
SCOTT v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17-00208
CARRUTHERS v. ASTRAZENECA PHARMACEUTICALS LP, ET AL.,
  C.A. No. 2:17-00211
LEE v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17-00212
WILBURN v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17-00213
WILKERSON v. ASTRAZENECA PHARMACEUTICALS LP, ET AL.,
  C.A. No. 2:17-00215
LAYTON v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17-00216
GUTIERREZ v. ASTRAZENECA PHARMACEUTICALS LP, ET AL.,
  C.A. No. 2:17-00217
HAWKINS v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17-00218
HUDSON v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17-00219
LLOYD v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17-00500
MASSENGILL v. ASTRAZENECA PHARMACEUTICALS LP, ET AL.,
  C.A. No. 2:17-00761
GARRISON v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17-01207
ELLIOTT v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17-01413
JAY, ET AL. v. ASTRAZENECA PHARMACEUTICALS LP, ET AL.,
  C.A. No. 2:17-01606
MUSE v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17-01870
JONES v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17-02098
DEVITO v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17-02465
FOSTER v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17-02475
LUZZO v. ASTRAZENECA LP, ET AL., C.A. No. 2:17-02567

**MDL No. 2789 Schedule A (Continued)**

STARKS v. ASTRAZENECA PHARMACEUTICALS, LP, ET AL., C.A. No. 2:17-02597
PETTIES v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17-02700
ROBERTSON v. ASTRAZENECA LP, ET AL., C.A. No. 2:17-02744
PETERSON v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17-02999
HENDERSON v. ASTRAZENECA PHARMACEUTICALS LP, ET AL.,
       C.A. No. 2:17-03056
BOOTHE v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17-03191
HOLLOWAY v. ASTRAZENECA PHARMACEUTICALS LP, ET AL.,
       C.A. No. 2:17-03192
VALENTINE v. ASTRAZENECA PHARMACEUTICALS LP, ET AL.,
       C.A. No. 2:17-03193
ALLEN v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17-03197
MORRIS v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17-03200
KELLEY v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17-03204
HOUZER v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17-03207
BOULER v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17-03209
CARROLL v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17-03210
HUNTER-MALONE v. ASTRAZENECA PHARMACEUTICALS LP, ET AL.,
       C.A. No. 2:17-03211
KILIAN v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17-03265
LANE v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17-03302
BOWENS v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17-03316
STUKES v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17-03343
LAURENT v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17-03346
ZELLARS v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17-03364
BREWINGTON v. ASTRAZENECA PHARMACEUTICALS LP, ET AL.,
       C.A. No. 2:17-03365
CHISLEY v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17-03366
BERNARD v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17-03461
MITCHELL v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17-03467
LYTTLE, ET AL. v. ASTRAZENECA PHARMACEUTICALS LP, ET AL.,
       C.A. No. 2:17-03562
TACNEAU v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17-03591
HOWARD v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17-03594
JONES, JR. v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17-03606

       Eastern District of New York

GAGLIO v. ASTRAZENECA PHARMACEUTICAL LP, ET AL., C.A. No. 1:17-02383
HOLBECK v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 1:17-03192

**MDL No. 2789 Schedule A (Continued)**

Northern District of New York

HORNFECK v. ASTRAZENECA PHARMACEUTICALS LP, ET AL.,
C.A. No. 5:16-01243

Western District of North Carolina

MOORE v. TAKEDA PHARMACEUTICALS USA, INC., ET AL., C.A. No. 1:16-00364

Southern District of Ohio

GOMEZ, ET AL. v. PROCTER & GAMBLE MANUFACTURING COMPANY,
ET AL., C.A. No. 1:17-00340
BURNETT v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:16-00894
BUTLER v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17-00183

Northern District of Oklahoma

BELLAMY v. TAKEDA PHARMACEUTICAL COMPANY LTD., ET AL.,
C.A. No. 4:17-00289

Western District of Oklahoma

ROUNDTREE v. ASTRAZENECA PHARMACEUTICALS LP, ET AL.,
C.A. No. 5:17-00432

Eastern District of Pennsylvania

COOPER v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17-00050
STOCKTON v. ASTRAZENECA PHARMACEUTICALS LP, ET AL.,
C.A. No. 2:17-00051
RUSS, ET AL. v. ASTRAZENECA PHARMACEUTICALS LP, ET AL.,
C.A. No. 2:17-00052
BALL, ET AL. v. ASTRAZENECA PHARMACEUTICALS LP, ET AL.,
C.A. No. 2:17-00053
GARRITY, ET AL. v. ASTRAZENECA PHARMACEUTICALS LP, ET AL.,
C.A. No. 2:17-00054
BROOKINS v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17-00055
VERTREES, ET AL. v. TAKEDA PHARMACEUTICAL COMPANY LIMITED,
ET AL., C.A. No. 2:17-00079

MARTINEZ, ET AL. v. ASTRAZENECA PHARMACEUTICALS LP, ET AL.,
    C.A. No. 2:17-00080
PACK v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17-00081
MALLARD, ET AL. v. ASTRAZENECA PHARMACEUTICALS LP, ET AL.,
    C.A. No. 2:17-00082
ROBINSON, ET AL. v. ASTRAZENECA PHARMACEUTICALS LP, ET AL.,
    C.A. No. 2:17-00083
DONALD v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17-00084
WILLINGHAM v. ASTRAZENECA PHARMACEUTICALS LP, ET AL.,
    C.A. No. 2:17-00095
ANSON v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17-00096
BURNETT, ET AL. v. ASTRAZENECA PHARMACEUTICALS LP, ET AL.,
    C.A. No. 2:17-00097
HALL, ET AL. v. ASTRAZENECA PHARMACEUTICALS LP, ET AL.,
    C.A. No. 2:17-00098
STAFFORD v. ASTRAZENECA PHARMACEUTICALS LP, ET AL.,
    C.A. No. 2:17-00100
HAMILTON, ET AL. v. ASTRAZENECA PHARMACEUTICALS LP, ET AL.,
    C.A. No. 2:17-00101
KENNEDY v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17-00102
KING, ET AL. v. ASTRAZENECA PHARMACEUTICALS LP, ET AL.,
    C.A. No. 2:17-00103
BARTLETT, ET AL. v. ASTRAZENECA PHARMACEUTICALS LP, ET AL.,
    C.A. No. 2:17-00104
MILLER, ET AL. v. ASTRAZENECA PHARMACEUTICALS LP, ET AL.,
    C.A. No. 2:17-00105
ROMERO, ET AL. v. ASTRAZENECA PHARMACEUTICALS LP, ET AL.,
    C.A. No. 2:17-00107
CLAXTON v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17-00138
SWIFT v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17-00139
PERDEW v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17-00140
SEGURA v. WYETH, LLC, ET AL., C.A. No. 2:17-00141
KETCHUM, ET AL. v. ASTRAZENECA PHARMACEUTICALS LP, ET AL.,
    C.A. No. 2:17-00142
VALENTINE v. ASTRAZENECA PHARMACEUTICALS LP, ET AL.,
    C.A. No. 2:17-00148
JONES v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17-00149
GRIGGS v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17-00150
MCDANIEL v. ASTRAZENECA PHARMACEUTICALS LP, ET AL.,
    C.A. No. 2:17-00151

**MDL No. 2789 Schedule A (Continued)**

LAPOLLA, ET AL. v. ASTRAZENECA PHARMACEUTICALS LP, ET AL.,
    C.A. No. 2:17-00152
PARMS v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17-00153
ADAMS v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17-00154
RUNYONS v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:17-00155
NEWELL, ET AL. v. ASTRAZENECA PHARMACEUTICALS LP, ET AL.,
    C.A. No. 2:17-00156
RIGGS, ET AL. v. ASTRAZENECA PHARMACEUTICALS LP, ET AL.,
    C.A. No. 2:17-00157
WHITAKER, ET AL. v. ASTRAZENECA PHARMACEUTICALS LP, ET AL.,
    C.A. No. 2:17-00160

    <u>District of South Carolina</u>

ALL, ET AL. v. ASTRAZENECA PHARMACEUTICALS LP, ET AL.,
    C.A. No. 1:17-00968
HARRIS v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 6:17-01045

    <u>District of Utah</u>

CLARK v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 1:16-00160

    <u>Southern District of West Virginia</u>

CHURCH, ET AL. v. ASTRAZENECA PHARMACEUTICALS LP, ET AL.,
    C.A. No. 1:16-07910
KREUGER, ET AL. v. ASTRAZENECA PHARMACEUTICALS LP, ET AL.,
    C.A. No. 2:17-02370